GREGORIO MUÑOZ y su esposa MARTINA MARTÍNEZ; ALEJO MARTÍNEZ, ANA y VENTURA LÓPEZ y ESTEBANÍA y ASUNCIÓN SALAS, demandantes y apelados, *v.* VICENTE MONTAÑEZ, demandado y apelante.

No. 4241.—*Visto:* Enero 20, 1928.  *Resuelto:* Febrero 14, 1928.

INJUNCTION—MATERIAS OBJETO DE PROTECCIÓN Y REMEDIO—BIENES, TRASPASOS Y GRAVÁMENES — INJUNCTION PARA RECOBRAR POSESIÓN — EMPLAZAMIENTO DEL DEMANDADO.—En el emplazamiento a que se refiere la sección 3 de la Ley No. 43 de 1913 (pág. 85) no es necesario que se haga constar prevención en cuanto al tiempo para contestar ni de que, de no comparecer, se dictará sentencia sin más citar ni oir al demandado.

SENTENCIA de *Miguel A. Muñoz,* J. (San Juan), declarando con lugar la demanda, con costas.  *Confirmada.*

*J. Texidor, D. Pellón, Jr.,* y *Antonio Ayuso,* abogados del apelante; *José E. Torres,* abogado de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El 16 de noviembre de 1926 Gregorio Muñoz y otros presentaron en la Corte de Distrito de San Juan una demanda contra Vicente Montañez solicitando que se expidiera contra él, de acuerdo con la Ley No. 43, de 1913, tal como quedó enmendada en 1917, un auto de *injunction* requiriéndole para que en lo sucesivo se abstuviera de cometer los actos que venía realizando en relación con una finca

de los demandantes u otros análogos y dejara a los demandantes en la posesión tranquila de la indicada finca.

Acto seguido la corte dictó una orden que copiada à la letra, en lo pertinente, dice:

"Se señala para la vista de este caso el día 29 de noviembre de 1926, a las 9 A. M. debiendo citarse al demandado de acuerdo con lo dispuesto en la Ley No. 43 de 1913."

El texto del emplazamiento es como sigue:

"A Vicente Montañez, o sea el demandado antes mencionado.— Por la presente se notifica a usted que se ha presentado en la oficina del Secretario de la Corte de Distrito, del Distrito Judicial de San Juan, Puerto Rico, la demanda de los actores antes citados, en la cual se pide a la Corte que dicte un Injunction requiriendo a Ud. para que se abstenga de poner cercas, mensuras, y verificar cualquier otro acto análogo de perturbación de la posesión en que se encuentran los demandantes respecto de veinte y cinco cuerdas de terreno, parte de una finca mayor que colinda al Norte con Arturo Michel, al Sur con la quebrada Salada; al Este con Mister Filbrick, y al Oeste con Mister Sordini, Pilar Rosa, Plácida Marrero, Manuel Sinforoso Pérez y Obdulia Morales; radicada en el Barrio Candelaria, de Toa Baja.—Es Abogado de los demandantes Don José G. Torres, con oficina en San Juan, Calle de Tetuán número 5.—Y se notifica a usted que la Corte, de acuerdo con la ley vigente sobre la materia ha señalado para la vista de este caso el día 29 de Noviembre de 1926 a las 9 A. M. Expedida bajo mi firma en San Juan, Puerto Rico, hoy 16 de noviembre de 1926.—(Firmado)—Luis Vergne Ortiz. Secretario."

Dicho emplazamiento fué diligenciado personalmente, dejándose en poder del demandado copia del mismo y de la demanda.

El día señalado comparecieron las partes y el demandado se limitó a pedir que se declarara el emplazamiento nulo por no ajustarse al artículo 89 del Código de Enjuiciamiento Civil, ya que no contenía la fijación del término para que el demandado contestara la demanda, ni prevención de que, si no contestaba, se podría dictar sentencia contra él, y extremos de la sentencia. La moción fué declarada sin lugar,

señalándose el ocho de diciembre siguiente para la continuación de la vista.

En el nuevo día señalado el demandado no compareció. Los demandantes leyeron sus alegaciones e introdujeron prueba, y sometieron el caso sin argumentar. Y la corte el 27 de diciembre de 1926, tomando en consideración las alegaciones y las pruebas, dictó sentencia declarando con lugar la demanda y en su consecuencia ordenó que se expidiera el auto de *injunction* solicitado.

No conforme el demandado interpuso el presente recurso de apelación. Dos son los errores que señala, siendo el segundo consecuencia del primero, ya que si en verdad el emplazamiento fuera nulo la corte necesariamente habría actuado sin jurisdicción.

Toda la contención del apelante se basa en que el emplazamiento a que se refiere la sección 3 de la citada Ley No. 43 de 1913 debe reunir todos los requisitos que exige el Código de Enjuiciamiento Civil para los emplazamientos en pleitos civiles.

Se trata de un procedimiento especial, de naturaleza sumaria, y la sección 3 invocada dice: ''La corte fijará fecha para el juicio en dicha demanda, el cual tendrá lugar dentro de los quince días subsiguientes, debiéndose emplazar al demandado ocho días antes, cuando menos, al fijado para el juicio.'' Eso es todo.

La ley no habla de contestación, y siendo ello así, ninguna prevención al efecto es necesaria. Tampoco habla de prevención con respecto a que si el demandado no compareciere se dictará sentencia sin más citarlo ni oirlo, como en el caso de desahucio.

El mandamiento contiene, en verdad, todo lo que se necesita para que se entienda que el propósito del legislador quedó cumplido. Dicho propósito no es otro que el de la celebración de un juicio en el que se ventile inmediatamente la cuestión envuelta, teniendo oportunidad desde luego el demandado de alegar las defensas que fueren justas y pro-

cedenteś, sin necesidad de formular contestación por escrito previamente.  La sección 4 de la ley dice: "Toda moción o excepción deberá presentarse y verse en el acto del juicio" y la 5 agrega: "La corte dictará sentencia sin demora indebida."

Además el demandado en este caso concreto no sólo fué emplazado debidamente para el juicio y a él compareció, si que tuvo la oportunidad de una nueva vista al declararse sin lugar su moción de nulidad.  Y en esa nueva vista no se falló solamente por lo alegado en la demanda sino que se practicó, como es debido, prueba y la prueba al par que la demanda fué apreciada.

Por virtud de todo lo expuesto entendemos que el emplazamiento es válido y que la corte actuó con jurisdicción. La prueba no se incluye en la exposición del caso.

La sentencia dictada debe *confirmarse.*

El Juez Asociado Señor Texidor no intervino.